**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZAESLIV H. OBAMA, *ALSO KNOWN AS*** | § | |
| **SHANTA Y. CLAIBORNE,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:19-CV-1208-M-BK** |
| | § | |
| **INTERNAL REVENUE SERVICE,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The Court granted Plaintiff Zaesliv H. Obama's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

## I. BACKGROUND

On May 20, 2019, Obama filed a *pro se Complaint* against the Internal Revenue Service. Doc. 3 at 1. The complaint is difficult to decipher and plainly nonsensical. It states:

> Nature of suit – 870 – Taxes (U.S. Plaintiff of Defendant)
> Public abuse occurred, Private abuse
> Property abuse occurred, education, types of abuse,
> Monetary claim – Tenure Criminal Activity
> Foreign Countries, Labor law violations.
> Seeking Protective Order – Injured
> Seeking life claim for damages –
> Claim $500, Trillion "HATE CRIMES" – Provision codes and statutes victim
> EXEMPTION from filing –

* * *

> I was singled out, refused assistance, sent death threats, and violated by a large group of people, including those who worked for the Internal Revenue Service. I was also refuse[d] protection. Military hate crimes occurred. Conspiracy against rights (section 241)(242) is the code and one of the violations that occurred and that was a result of the Internal Revenue Service and others motivated to commit aggravating injuries.

Doc. 3 at 1-2.

As reflected in prior filings in this Court, Obama is also known as Shanta Y. Claiborne. *See Obama v. United States*, 3:19-CV-391-C-BN (N.D. Tex. May 16, 2019). In the past two years, she has filed at least 15 cases under the names of Shanta Claiborne and/or Zaesliv H. Obama.[1] While most actions have been dismissed for want of prosecution, one case has been dismissed as frivolous and, in at least two other cases, the magistrate judge recommended dismissal for lack of subject matter jurisdiction or for failure to state a claim. *Claiborne v. Obama*, No. 1:17-cv-5482 (E.D.N.Y. Apr. 18, 2018) (dismissing case as frivolous); *Obama v. United States*, No. 3:19-cv-391-C-BN (N.D. Tex. May 16, 2019) (awaiting review of magistrate judge's recommendation that case be dismissed for want of jurisdiction); *Claiborne v. State of Texas*, 3:16-cv-2713-N-BH (N.D. Tex. Apr. 13, 2017) (voluntary notice of dismissal filed after magistrate judge recommended that case be dismissed for failure to state a claim).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

[1] *See* PACER Case Locator available at https://pcl.uscourts.gov/pcl/index.jsf.

from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Obama's apparent claims are legally and factually frivolous.

Obama's claims lack an arguable basis in law, and she has presented no supporting legal authority for the claims she asserts. Doc. 3 at 1-2. Moreover, insofar as she attempts to sue the Internal Revenue Service for federal criminal law violations—specifically "hate crimes"—her claim lacks a legal basis and, thus, cannot support a federal cause of action. Doc. 3 at 1-2. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash,* 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Obama has pled nothing that would even come close to meeting that burden. Moreover, her factual contentions are clearly baseless and woefully

inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33. Finally, her conclusory allegations of death threats and aggravated injuries suffered at the hands of Internal Revenue Service employees are patently irrational and incredible. As such, Plaintiff's complaint should be dismissed with prejudice as frivolous.

**III. LEAVE TO AMEND**

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Obama's claims are fatally infirm. Based on the most deferential review of her complaint and her filing history, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

**IV. SANCTION WARNING**

As noted previously, over the past two years, Obama has filed 14 other cases. Given her filing history and the frivolous nature of the claims asserted in this and other cases, Obama should be warned that if she persists in filing frivolous or baseless cases, or cases over which the Court lacks subject matter jurisdiction or that are frivolous or fail to state a claim, the Court may impose monetary sanctions and/or bar her from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b)

justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

This action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff should also be **WARNED** that if she persists in filing frivolous or baseless actions or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**SO RECOMMENDED**, May 24, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).